United States District Court
Southern District of Texas
**ENTERED**
November 15, 2019
David J. Bradley, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIE FILLMORE, TDCJ #1816596, | § § § | |
| *Petitioner*, | § § § | |
| v. | § | CIVIL ACTION NO. H-19-1193 |
| LORIE DAVIS | § § § | |
| *Respondent*. | § § | |

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

State inmate Willie Fillmore (TDCJ #1816596) filed a petition under 28 U.S.C. § 2254, challenging his criminal judgment. Respondent filed a motion for summary judgment that argues that the petition is barred by the one-year statute of limitations. Dkt. #10. Petitioner filed a response to the motion for summary judgment. *See* Dkt. #13.

### I. Background

On February 18, 2010, a Brazos County Grand Jury issued an indictment against Petitioner for indecency with a child by sexual contact. *See State of Texas v. Willie Fillmore*, Case No. 1693193. Dkt. #11-30 at 25. The district court issued a judgment against Petitioner and sentenced him to fifteen years' imprisonment on October 4, 2012. *See id.* at 30. Petitioner did not appeal the judgment. Therefore,

1

Petitioner's conviction became final thirty days after the judgment issued.

Petitioner filed four post-conviction filings pertaining to his criminal judgment. Petitioner filed a writ of mandamus, which was denied without a written order or hearing on July 26, 2017. WR-87,682-01, Dkt. #11-1. On January 8, 2015, Petitioner filed a first application for a state writ of habeas corpus. WR-87,682-02, Dkt. #11-13. The application was denied for non-compliance with Tex. R. App. P. 73.1 on July 26, 2017. Dkt. #11-7. On August 12, 2017, Petitioner filed his second application. WR-89,274-01, Dkt. #11-17 at 19. The application was denied for non-compliance with Tex. R. App. P. 73.1 on October 11, 2017. Dkt. #7-17. On December 5, 2018, Petitioner's third state application was denied without a written order or hearing. Dkt. #11-18.

Petitioner filed the instant § 2254 petition on March 26, 2019. *See* Dkt. #1. The Court, after consulting the records available, determined that the petition was likely barred by the statute of limitations but ordered Respondent to provide an answer. *See* Dkt. #5. Respondent filed a motion for summary judgment arguing that the petition is barred by the one-year statute of limitations. *See* Dkt. #10.

## II. Discussion

This federal habeas corpus proceeding is governed by the Anti-terrorism and Effective Death Penalty Act (the "AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996). According to the AEDPA, all federal habeas corpus petitions filed after

April 24, 1996, are subject to a one-year limitations period found in 28 U.S.C. § 2244(d). A federal habeas corpus petition challenging a state court judgment must be filed within one year from the date that the challenged conviction becomes "final by the conclusion of direct review or the expiration of the time for seeking such review."[1] 28 U.S.C. § 2244(d)(1)(A). Petitioner's conviction became final on November 5, 2012, when his time expired to directly appeal the judgment. *See Roberts v. Cockrell*, 319 F.3d 690, 693-95 (5th Cir. 2003) (holding that a Texas conviction becomes final for limitations purposes when the time for seeking further direct review expires). That date triggered the statute of limitations for federal habeas corpus review, which expired one year later on November 6, 2013. *See* 28 U.S.C. § 2244(d)(1)(A). As a result, the pending habeas corpus petition, executed by Petitioner on March 26, 2019, is over five years too late, and is barred from federal review unless a statutory or equitable exception applies to toll the limitations period.

A habeas petitioner may be entitled to statutory tolling under 28 U.S.C. § 2244(d)(2), which excludes from the AEDPA limitations period a "properly filed application for [s]tate post-conviction or other collateral review." A state application for collateral review is "*properly* filed" for purposes of § 2244(d)(2) "when its delivery and acceptance are in compliance with the applicable laws and

---

[1] Petitioner does not otherwise allege that the statute of limitations should run from another possible date, for example, relating to when the facts of his claims became known to him.

3

rules governing filings." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000) (emphasis in original). In other words, "a properly filed [state] application [for collateral review] is one submitted according to the state's procedural requirements." *Causey v. Cain*, 450 F.3d 601, 605 (5th Cir. 2006) (quoting *Lookingbill v. Cockrell*, 293 F.3d 256, 260 (5th Cir. 2002)).

As stated above, the record shows that Petitioner filed four post-conviction filings pertaining to his criminal judgment. Petitioner filed a writ of mandamus, which was denied without a written order or hearing on July 26, 2017. Dkt. #11-1. This filing does not toll the statute of limitations because it is not a writ for collateral review. *See Moore v. Cain*, 298 F.3d 361, 367 (5th Cir. 2002); *Board of Pardons and Paroles ex rel. Keene v. Court of Appeals For the Eighth District*, 910 S.W.2d 481, 483 (Tex. Crim. App. 1995) ("Article 11.07 provides the exclusive means to challenge a final conviction."). On January 8, 2015, Petitioner filed a first application for a state writ of habeas corpus. WR-87,682-02, Dkt. #11-13. The application was denied for non-compliance with Tex. R. App. P. 73.1 on July 26, 2017. Dkt. #11-7. On August 12, 2017, Petitioner filed his second application. WR-89,274-01, Dkt. #11-17 at 19. The application was denied for non-compliance with Tex. R. App. P. 73.1 on October 11, 2017. Dkt. #7-17. These applications do not toll the statute of limitations because they were not properly filed and were filed well past the date in which the statute of limitations

ran. *See Prieto v. Quarterman*, 456 F.3d 511, 514 (5th Cir. 2006); *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). On December 5, 2018, Petitioner's third state application was denied without a written order or hearing. Dkt. #11-18. That application was properly filed and would toll the statute of limitations if it had not been filed past the date the statute of limitations tolled. *See Scott*, 227 F.3d at 263. Therefore, the federal petition is still filed over five years too late.

The Fifth Circuit has held that the statute of limitation found in the AEDPA may be equitably tolled, at the district court's discretion, only "in rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). Equitable tolling is an extraordinary remedy which is sparingly applied. *See Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). The Supreme Court has clarified that a "'petitioner' is 'entitled to equitable tolling' only if he shows '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Petitioner does not demonstrate that he has pursued federal relief with diligence or that equitable tolling is otherwise available. *See Holland*, 560 U.S. at 649; Dkt. #1. Petitioner makes no showing that any circumstance stood in his way of filing the petition on time. In fact, in his response to the motion for summary

judgment, Petitioner does not fully respond to Respondent's argument that the petition is untimely. Instead, Petitioner states that his writ of habeas corpus remained pending for two and a half years before it was determined to be non-compliant. *See* Dkt. #13. Petitioner does not respond to the argument that the state applications were filed past the statute of limitations period and Petitioner does not provide any additional information as to why he filed the state applications past the date the statute of limitations ran. *Id.* Equitable tolling is not available where the petitioner squanders his federal limitations period. *See, e.g., Ott v. Johnson*, 192 F.3d 510, 514 (5th Cir. 1999). In sum, Petitioner offers no explanation for the delay and the record does not reflect equitable tolling is appropriate. In conclusion, the § 2254 petition is denied as time-barred.

### III. Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases requires a district court to issue or deny a certificate of appealability when entering a final order that is adverse to the petitioner. A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where denial of relief is based on

procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its [] ruling." *Slack*, 529 U.S. at 484. Because jurists of reason would not debate whether the ruling in this case was correct, a certificate of appealability will not issue.

### IV. Conclusion

As a result, Respondent's motion for summary judgment (Dkt. #10) is **GRANTED**. Petitioner's § 2254 petition (Dkt. #1) is **DENIED** as time-barred. The case is dismissed with prejudice. A certificate of appealability shall not issue.

SIGNED at Houston, Texas, on ____Nov 15____, 2019.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE